CASE.                              **Sayre *vs* Bayless.**

*Case 95.*                      ERROR TO THE FAYETTE CIRCUIT.

                              *Assignor and assignee.   Diligence.*

*May 20.*        JUDGE EWING delivered the Opinion of the Court.

The case stated.     THIS is an action of assumpsit, brought by Bayless
against Sayre, as his assignor of a note on the Whites of
Estill, as payors, in which he recovered judgment below,
and from which Sayre has appealed to this Court.

Assignee is not      To entitle the assignee to recover against his assignor,
only bound to   it is not only necessary for him to show that he has used
use diligence in
commencing suit  due diligence in the commencement of the suit, but also
but in the prose-
cution of it there-  due diligence in its prosecution to a judgment, as well as
after.          in taking out and placing execution in the hands of the
proper officer.   And giving to the proof of the plaintiff
below, all the force and effect to which it is entitled, in
the absence of other explanatory proof, we are constrain-
ed to come to the conclusion, that due diligence has not
been made out.

Altho suit can-      If it be conceded that, as the note was made negotiable
not be commen-
ced in time for and payable at the Northern Bank, that the assignee had
judgment to be
had at first term, a right to wait until the three days of grace had expired,
yet may other   which is the time allowed for payment after the note fell
steps be taken
preparatory to  due, according to the known custom of the Bank, and
trial.          waiting, might not have been able, by the exercise of or-
dinary diligence, to have sued in time to have recovered
judgment at the first Court in Estill, yet he might have
sued in time to have had process served, so that the neces-
sary orders for taking depositions and other steps, prepar-
atory to a trial at the subsequent term, might have been
taken.

But though the Estill Circuit Court commenced on the
17th of July, 1837, suit was not commenced till the 18th
September following, and then, at the succeeding Octo-
ber term, a general continuance was granted to the July
term following, without apparent reason or cause shown
by the record, or proof *aliunde,* and at the July term, for

the *first time*, leave is obtained by the plaintiff, Bayless, to take a deposition in Missouri, and on his motion and affidavit, that owing to the influence of the Whites, he could not get a fair trial in Estill, the cause was ordered to be removed to Clarke; yet the papers were not lodged with the clerk of the latter Court until the 14th of September following, only a few days before the commencement of the September term of said Court, and at said term another *general continuance* is made, without cause shown, to the March term, 1839; and at this term, for the *first time*, a plea is filed impeaching the consideration of the note, and another *general continuance granted*, without cause shown, to the June term, and at this term a replication was filed to the plea, and another plea put in by the Whites, and issue taken on it, and a jury and verdict for the plaintiff, and judgment thereon on the 3rd day of July, 1839, lacking one day only of two years from the time the note fell due. And though judgment was rendered on the 3rd, execution was not sued out till the 15th, nor placed in the officer's hands until the 22d of July.

Now if it were conceded that the failure to sue to the first term, and the failure to place the execution in the hands of the officer until the 22d, allowing ten days for issuing the writ, might not of themselves be sufficient to show a want of due diligence, which is not necessary to determine, when these omissions and failures are taken in connection with the tardiness and negligence of the plaintiff in the prosecution of the suit, as manifested by the record, and unaccounted for by proof, we cannot doubt that there has been an entire failure on the part of the plaintiff to show that due diligence in the proceedings against the payors, which entitled him to maintain his action against Sayre, his assignor.

The assignee should not only use due diligence in the *commencement* of the suit, but also in *following up* and *prosecuting* the same to a final termination, and then in sueing out execution thereon.

The *commencement* of the suit in time, would avail but little if it afterwards were permitted to hang on the docket

by the negligence of the plaintiff, until the payors became insolvent.

The Circuit Court, therefore, erred in instructing the jury that due diligence had been used; wherefore, the judgment is reversed and cause remanded, that a new trial may be granted without the payment of costs, and the plaintiff in error is entitled to his costs in this Court.

*Sayre* for plaintiff: *Robinson & Johnson* for defendant.

---

CHANCERY.

Case 96.

*May* 22.

The case stated.