*Morehead & Reed* for appellant: *Cates & Lindsey* for appellee.

HARNETT
*vs*
McGARVY AND TRICE.

pass lies for entry by purchaser for its removal.

---

## Harnett *vs* McGarvy & Trice.

ERROR TO THE CHRISTIAN CIRCUIT.

*Assignee and assignor. Diligence.*

JUDGE MARSHALL delivered the opinion of the Court.

IN this action by the assignees against the assignor of a promissory note, it appears that the judgment against the obligor was rendered on the 8th of November, 1842, and that the execution did not issue until the 19th of December following, and was not placed in the Sheriff's hands until the 24th of the same month, after which it was returned "no property found, &c." In excuse of these delays, it was proved by the Deputy Clerk, that a great deal of business was done at that term of the Court, which adjourned on the 28th of November; and he stated that in the ordinary routine of business in the office, the executions of that term were not generally issued until after the 19th of December, except such as were specially called for; that it was the general practice of the Clerk to tax the costs and issue the greater part of the executions and record them before they were delivered to the Sheriff; that some days generally elapsed between their date and the time when they were ready for delivery, but

ASSUMPSIT.

*Case* 77.

*April* 16.

Judgment in favor of assignee on the 8th Nov. execution sued out 19th Dec. and placed in Sheriff's hands 24th Dec. held not such diligence as to make assignor liable.

HARNETT
*vs*
McGARVY AND
|TRICE.

the execution in this case could have been issued sooner, if called for; that executions were frequently issued every day after the adjournment of Court, some on previous judgments and some on judgments of the November term, but how many he could not tell without recurrence to the record; that some executions of that term had issued on the 14th, 15th, and 16th of December, but they were not generally handed to the Sheriff till about or after the 19th; that by reason of the business of the office, they were not generally ready till about that time, as he had not time to record them all before delivery. It was averred in the declaration, that the assignor had, agreed, when the note was assigned, that suit should not be brought to the first succeeding term—it was not, in fact, brought until after the first term, but judgment was obtained at the second. And it was proved that the assignor had told the assignees that the note which was then due, would be paid in a short time, and he did not want the obligor to be put to costs. We suppose this evidence substantially supports the declaration and excuses the delay in bringing suit. But the plaintiffs themselves seem not to have supposed that this desire or agreement of the assignor extended farther than to a delay in bringing suit, and, as we apprehend, it gave no authority for any delay after judgment.

The question then is, whether upon the facts first stated,

It is a part of the diligence required of an assignee to maintain recourse on assignor, that in a reasonable time after judgment, he sue out execution and place it in the hands of the proper officer for levy and collection.

the assignees used such diligence in the prosecution of their remedy against the obligor, after judgment, as entitles them to their recourse against the assignor. The only case, so far as we know, in which this question has arisen and been decided solely with reference to the time which elapsed after judgment before the execution issued and was placed in the officers hands, and to the means used for having this done, is that of *Clark* vs *Prentice &* *Weissinger*, (3 *B. Monroe*, 584.) In that case great liberality was shown in interpreting and applying the rule of due diligence to the circumstances of the case. In this case the interval between the date of the judgment and the receipt of the execution by the officer, exceeds, slightly, that which occurred in the case of *Clark* vs *Prentice & Weissinger*, and several circumstances which

in that case went to account for and excuse the delay are wanting in this. The difference between the two cases is sufficiently obvious, from a comparison of the facts, without being pointed out in detail; and it is manifest that we cannot decide that upon the facts now appearing, such diligence has been used in this case as to hold the assignor liable on the ground of due diligence, unless upon the principle that after obtaining judgment the assignee may, under all circumstances, leave the subsequent steps of issuing the execution and placing it in the officers hands to chance, or to the discretion of the Clerk, or to the ordinary course of business in the office, with whatever tardiness and inattention that may be carried on. Such a doctrine, we believe, has never been intimated by this Court, and it is not sanctioned by the case of *Clark* vs *Prentice, &c.*, in which circumstances not appearing in this case are held to have excused the assignee and his attorney for not having actually interposed and caused the execution to be more promptly issued and placed in the Sheriff's hands. We do not feel authorized to adopt a principle which, by virtually abolishing every practical test of diligence in issuing execution and placing it in the officers hands, would, in effect, abolish the question itself of diligence in that respect, and make it immaterial when an execution may have issued or been placed in the officer's hands, provided there should be, at some period, an execution returned by the officer, "no property found."

It seems to us, therefore, that upon the evidence of the plaintiffs, there was a failure of due diligence in prosecuting their remedy against the obligor, and that the verdict for them against the assignor should have been set aside and a new trial granted on his motion.

Wherefore, the judgment is reversed and the cause remanded for a new trial, on principles consistent with this opinion.

*B. & A. Monroe* for plaintiff: *Morehead & Reed* for defendants.