ASSUMPSIT.

## Bard *vs* McElroy's Administrator.

Case 87.

ERROR TO THE MARION CIRCUIT.

*Pleading. New trial. Assignee and assignor. Diligence.*

April 25.

JUDGE MARSHALL delivered the opinion of the Court.

The case stated.

THIS action was brought by the administrator of the assignee of a note, against the assignor, and the case turns upon the question of due diligence in pursuing the remedy of the assignee against the obligor. The defendant filed a demurrer to the declaration, which was overruled, and at the same time filed the plea of *non-assumpsit*, upon which issue was taken and a trial had; and a verdict having been found for the plaintiff, under instructions given on motion of the defendant, a reversal of the judgment thereon is sought, upon the ground that the Court erred: 1st, in overruling the demurrer to the declaration, and 2d, in refusing to grant a new trial as moved for by the defendant.

Demurrer and pleas were filed, the demurrer overruled issues on the pleas, and found for plain-

1st. Although the filing of the plea did not, of itself, amount to a waiver of the demurrer, yet as the case was actually tried upon an issue involving all the questions made by the demurrer, and as those questions were actually presented by the evidence, and decided by the ver-

dict for the plaintiff, the declaration is entitled, in this Court, to all the aid which it can legitimately derive from the verdict, and especially to a more liberal construction than it would receive, if standing simply upon a demurrer. Under this rule we are of opinion, that although some of the facts on which the plaintiff's cause of action depends, are not stated so specially as they should have been, yet by liberal intendment in favor of the verdicts, they may be under stood as embraced at least by implication in the general averments of the declaration. And if there was no ground for a new trial, that is if all the facts essential to a recovery by the plaintiff, were sufficiently proved, and the Jury were not misled by the Court, the judgment must be affirmed.

2d, We therefore proceed to consider the question of due diligence, as it arrises on the evidence.

The first objection is that the suit by the assignee, against the obligor was not brought in the proper county, nor in the proper time, The note was due on the 1st of January, 1843, and was assigned on the 7th. At that time the obligor, a young man without family, was absent in one of the Southern States with a drove of horses, up to the time of his departure in the fall of 1842, his residence had been for several years in the county of Marion, in which the assignee, and probably the obligee also resided. His absence was expected to be, and was in fact temporary. Until he should return and take up his residence in some other county, or at least abandon his residence in Marion. he must be regarded as still continuing it in that county. As this certainly did not take place before the Spring term of the Marion Circuit Court, Marion was the proper county in which to commence the suit against him, previous to that term. The suit having been properly commenced there, and having been continued the first term, upon the return of "not found" on the summons and there being no proof that the obligor had returned to any part of the state, until after the expiration of that term, nor that there was any reason to suppose he would not return to the same county, the suit was properly retained in the Marion Circuit Court, and could not have been safely brought any where else. And the alias

---

*Margin notes:*

BARD
vs
McElroy's ad'r

tiff. If the issues involved the questions made upon the declaration, and they were found for the plaintiff, and the declaration, by *liberal intendment* or implication in its general averments, can be regarded as containing the proper averments. the verdict should not be disturbed, unless the Court improperly instructed the jury.

Facts held sufficient to show due diligence in bringing suit.

summons having in fact been served upon him in May, 1843, the judgment at the October term, was as early as one could have been obtained by any course which it was the plaintiff's duty to take, or which he might safely take. For if it were certain that after the obligor's return he took up his residence in Adair county, in which the fall term would be some weeks earlier than in Marion, still the assignee having commenced one suit in the proper county, was not bound to commence another in Adair; and if he had done so his second suit might have been abated, on account of the pendency of the first.

It is contended, however, that there was a want of due diligence in delaying the commencement of the suit, from the date of the assignment in January, until the 28th of March, leaving only two days for the service of process, in time for a judgment at the succeeding term of the Court. But as the defendant was in fact out of the State, and did not return before the commencement of the first term, as the process might have been served in time, if he had been in the county; as the judgment was obtained as soon as it could possibly have been if the process had issued on the 8th of January; as the suit might have been delayed for the very purpose of ascertaining, whether it might not be more effectually brought in some other county, and as under the actual circumstance its commencement prior to the Spring term, and to the return of the obligor, was but a formality, we think this objection should not prevail.

It is further objected, that there was a want of diligence in prosecuting the remedy against the obligor after judgment: 1st. In issuing the execution to Marion county, when, as it is alledged, the obligor, after his return, had taken up his residence in Adair, and had property there. And 2d. In not issuing the execution until 17 days after the rendition of the judgment.

As to the first of these points, it is manifest upon the facts already stated, that the execution was properly issued to Marion county, unless the obligor had a fixed residence, or at any rate, visible property in some other county, and the plaintiff could be charged with knowledge, actual or imputed, of the fact. If the jury might have

found some of these facts, there is certainly no satisfactory evidence of any of them, as existing at the end of ten days from the judgment, when an execution might regularly have issued; and comparing the verdict with the instructions given on motion of the defendant, (and there was none beside,) the jury have not found any of them. The assignee was certainly not bound upon suspicion or mere rumor, to issue his executions to various counties in search of the obligor or his property. The evidence authorizes the inference that if the execution had issued to the county of Adair, only ten days after the judgment, it might have been wholly unavailing; and we greatly doubt whether the assignee could, upon the facts now appearing, have safely relied upon such a course as evidence of due diligence. Although there is some vague testimony with regard to the obligor's trading in stock of some sort, in the summer and fall of 1843, the weight of the evidence seems to be, that when he returned in the previous spring, he was regarded as entirely insolvent, and the proof authorized a finding that he was in the same condition, and without fixed residence, when the execution might regularly have issued.

The execution then, so far as now appears, properly issued to Marion county, in which the judgment had been rendered, and the process executed; and the only remaining question is whether the failure to have it issued for seven days after the plaintiff was entitled to it, as a matter of course and without affidavit shows such a want of diligence as should defeat the action.

The failure of the assignee to issue execution for seven days after it might have issued on his judgment, without any excuse for a delay Held to be such want of diligence ss exonerated the assisnee.

A much longer delay when sufficiently accounted for, has been regarded as not inconsistant with the reasonable dilligence required from an assignee. But in this case the delay is wholly unaccounted for. It does not appear that any step whatever, was taken by the assignee, to cause an execution to issue as soon as he was entitled to it, or before it did issue. And although an execution to Marion county, or even to Adair, might have been equally ineffectual if issued at the earliest day it is not absolutely certain that something might not have been made in Adair by the use of extraordinary diligence. The assignee having placed himself upon the principle that he was not

bound to use extraordinary dilligence, must at least be held to the use of ordinary diligence. That in its lowest degree consists in pursuing the legal remedy against the obligor after judgement at such time, and in such manner, as by law he was authorized to do, without resorting to any extraordinary means of expediting it. And it is an indulgence to him which has perhaps been carried far enough, to say that he may excuse himself, from the consequence of a slight failure in this respect, by showing that so far as he was concerned, the usual steps were taken for causing the execution to be issued, as soon as it might be done. There being nothing of this sort shown in the present case, it is the opinion of a majority of this Court, that on this point the plaintiff failed to establish the fact of due diligence, which was essential to his right of recovery.

Wherefore the judgment is reversed and the cause remanded for a new trial, in conformity with the principles of this opinion.

*Shuck* for plaintiff: *Rountree and Fogle* for defendant.