## DAVID W. BARR *v.* JAMES JENKINS.

**Principal and Surety—Assignor—Diligence of Assignee.**

> An assignee of a note must show diligence in the proceedings against the obligors to entitle him to recover against his assignor upon a return of no property on the execution against the payors.

**Diligence of Assignee.**

> Due diligence is a matter of law. It consists in pursuing the legal remedy against the obligor to and after judgment at such time and in such manner as by law he was authorized to do.

**Diligence of Assignee.**

> The failure to sue out an execution on the judgment for eighteen days, in the absence of any excuse offered and the failure to deliver it to the sheriff for four days after its issue, does not show that degree of diligence required to hold the assignor.

APPEAL FROM HARDIN CIRCUIT COURT.

November 10, 1875.

OPINION BY JUDGE PETERS:

This action was brought in the court below by James Jenkins against David W. Barr, his assignor of a note on Philip Hargan and others, and having recovered judgment against Barr, he has appealed to this court.

The note assigned to Jenkins by Barr was due the 25th of December, 1862, and the first circuit court for Hardin county, where the obligors in the note lived, commenced in April, 1863. After the maturity of the note, suit was instituted by Jenkins, and the summons was served in time for judgment to have been rendered at that term of the court; but on account of the disturbed condition of the country, and the presence, or rumored approach of guerrillas, the court adjourned before the case was reached, and it was continued to the next term; and at that term judgment was rendered on the 23d of December, 1863. An execution issued thereon on the 12th of January, 1864, and was placed in the hands of the sheriff four days afterwards, making twenty days from the rendition of the judgment to the suing out of the execution, and four days more until it reached the hands of the sheriff.

The first and principal question to be decided is, Has the appellee shown that degree of diligence in the proceedings against the obligors in the note to entitle him to recover against his assignor, upon a return of no property on the execution against the payors?

The law required that in order to charge his assignor, the assignee must use ordinary diligence to collect the debt from the obligor; and in *Bard v. McElroy's Adm'r,* 6 B. Mon. 416, ordinary diligence in its lowest degree is defined to consist in pursuing the legal remedy against the obligor to, and after judgment, at such time and in such manner as by law he was authorized to do, without resorting to any extraordinary means of expediting it. In that case a failure to sue out an execution by the assignee for seventeen days, or for seven days after it might have issued on the judgment, without any excuse for the delay, was held to be such a want of diligence as discharged the assignor from liability to the assignee.

In *Sayre v. Bayless,* 1 B. Mon. 304, it was held that judgment having been rendered on the 3d of July, 1839, an execution issued on the fifteenth, and not placed in the officer's hands until the 22d of the same month, with a tardiness manifested in prosecuting the suit to judgment, exonerated the assignor from responsibility to his assignee. It is said in the opinion that the assignee should not only use due diligence in the commencement of the suit, but also in following up and prosecuting the same to a final termination, and then in suing out execution thereon.

The failure to sue out the execution on the judgment rendered on the 23d of December till the 12th of January is unaccounted for; it was not within that time demanded; the clerk says the costs could have been taxed in ten minutes, and in ten minutes more the execution could have been issued; and there is no reason shown, or excuse offered for the failure to sue out the execution when it was due. Nor is the failure to place the execution in the hands of the officer for four days after it issued sufficiently accounted for.

Due diligence is a question of law, and upon the facts of this case we are constrained to the conclusion that appellee has not manifested such diligence as entitled him to recover of his assignor. Wherefore the judgment is *reversed* and the cause remanded to dismiss the petition.

*R. D. Murray, for appellant.*