JOHN K. WILSON v. JOHN GALLAGHER, ET AL.

**Legal Diligence.**

    One has not used diligence who procures a judgment on October 24, and does not cause execution to issue thereon until December 8, unless he can show some good reason why execution was not sooner issued.

APPEAL FROM MERCER CIRCUIT COURT.

December 11, 1878.

OPINION BY JUDGE COFER:

That the appellant's lien on the land was lost unless he prosecuted Gilham to insolvency with proper legal diligence was decided on the former appeal, and is now a concluded question in the case. The only question, therefore, is whether such diligence has been shown.

The judgment was rendered October 24, 1873, and no execution issued until December 8, thirty-five days after it might have been issued. That this, if unexplained, is not legal diligence is clear. *Harnett v. McGarvy & Trice,* 4 B. Mon. 393; *Bard v. McElroy's Adm'r,* 6 B. Mon. 416; *Marr v. Smith,* 7 B. Mon. 189.

The explanation is offered that the attorneys who brought the suit and obtained the judgment had given general directions to the clerk to issue executions on all judgments obtained for their clients as soon as they were due. When those directions were given is not stated; for all that appears it may have been years before. It was the duty of the clerk to do this without being directed and as between the assignee and the assignor such a direction cannot be regarded as sufficient.

In order to hold the assignor liable the assignee must see to it that the executions issue in a reasonable time, or must show that he did all that was reasonably in his power to cause it to issue. If the clerk should refuse or neglect to issue an execution in due time after being specially directed to do so, we are not prepared to say that the assignor would be released by such neglect or refusal, but unless such special directions be given the neglect of the clerk must, as between the assignor and the assignee, be deemed to be the neglect of the latter.

Gilham was in straightened circumstances. He owned a house and grounds encumbered by mortgage; the right of redemption was subject to execution. The amount of the mortgage is not shown, nor the value of the property. He had other property, some of which he mortgaged in June, 1874. It is not certain that the debt, or some part of it, might not have been made by proper diligence, and the court properly adjudged that recourse against the land was lost.

Judgment *affirmed.*

*C. A. & P. W. Hardin, Kyle & Poston,* for appellant.
*Bell & Wilson,* for appellees.